**Rafael CARRILLO–GASTELLUM, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71782.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 4, 2016.

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Oil, Virginia Lum, Andrew Jacob Oliveira, U.S. Department of Justice, Wash-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Rafael Carrillo–Gastellum, a native and citizen of Mexico, petitions for review of the Department of Homeland Security's ("DHS") May 20, 2013, order reinstating his January 19, 2013, expedited removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. Our review is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS,* 539 F.3d 1133, 1136–37 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

The DHS did not err in issuing Carrillo–Gastellum's reinstatement order, where the record shows, and Carrillo–Gastellum does not contest, that he is an alien, he was subject to a prior expedited order of removal in 2013, and he illegally reentered subsequent to that order. *See id.* at 1137 (the court's jurisdiction is limited to reviewing the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner reentered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after hav-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

In light of our limited jurisdiction, *see Garcia de Rincon,* 539 F.3d at 1137, Carrillo–Gastellum's contentions challenging a prior voluntary departure in 2012 are not properly before this court. *See* 8 U.S.C. § 1252(a)(1), (b).

Carrillo–Gastellum's request to hold his case in abeyance pending resolution of *Lopez–Venegas v. Johnson,* No. 2:13–cv–03972 (C.D.Cal., filed June 4, 2013), is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**